IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOE A. COOK,                          §
                    Plaintiff,        §
                                      §
V.                                    §          C.A. NO. C-09-216
                                      §
WARDEN ERNEST H. GUTIERREZ,           §
ET AL.,                               §
                    Defendants.       §

## MEMORANDUM AND RECOMMENDATION
## TO DENY MOTION TO ALTER OR AMEND THE JUDGMENT

Pending is plaintiff's motion for reinstatement (D.E. 18). It is respectfully recommended that plaintiff's motion, treated as a timely filed motion to alter or amend the judgment, be denied.

## I. Background

On August 26, 2009, plaintiff, a prisoner incarcerated at the McConnell Unit in Beeville, Texas, filed this lawsuit pursuant to 42 U.S.C. § 1983, challenging his placement in a solitary confinement cell for 110 days (D.E. 1). Following an evidentiary hearing, it was recommended that plaintiff's lawsuit be dismissed as frivolous and for failure to state a claim (D.E. 9). The District Court dismissed plaintiff's claims and entered final judgment on January 27, 2010 (D.E. 14, 15). On February 22, 2010, plaintiff filed a motion for reinstatement (D.E. 18). In the motion plaintiff challenges the District Court's dismissal of his lawsuit.

## II.  Discussion

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b).  Ford v. Elsbury, 32 F.3d 931, 937 n. 7 (5th Cir. 1994).  If the motion is filed within twenty-eight (28) days[1] of entry of judgment the motion falls under Rule 59.  *Id.*  If it is filed after that, it falls under Rule 60(b).  *Id.*  Because plaintiff filed his motion on February 22, 2010, less than twenty-eight days after entry of final judgment, it is treated as a motion to alter or amend the judgment pursuant to FED. R. CIV. P. 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment.  Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

In his motion, plaintiff points to no manifest error of law and presents no new evidence.  He simply repeats his argument that his due process rights were violated when he was placed in a solitary confinement cell for 110 days.  Plaintiff failed to show that placement in solitary implicated any liberty interest.  Sandin v. Conner, 515 U.S. 472, 484-86 (1995).[2]  Plaintiff is not entitled to relief.

---

[1]  Effective December 1, 2009, FED. R. CIV. P. 59(e) was amended, increasing the time limit for filing a motion to alter or amend the judgment from ten (10) to twenty-eight (28) days.

[2] In another filed case in this division, *Cook v. McConnell Unit*, Cause No. C-08-379, this same plaintiff claimed that McConnell Unit officials were failing to protect him from his enemies, and asked repeatedly to be placed in administrative segregation rather than in general population.

### III.  Recommendation

Plaintiff has failed to establish that he is entitled to relief under FED. R. CIV. P. 59(e).

Accordingly, it is respectfully recommended that Plaintiff's motion for reinstatement (D.E.

18), treated as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e), be denied.

Respectfully submitted this 5th day of March, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).